UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Neng Y.,

     Plaintiff,

 v.

Nancy A Berryhill, Deputy Commissioner of Social Security for Operations,

     Defendant.

CASE NO. 2:18-cv-00165-DWC

ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for Social Security Income benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

The parties agree the Administrative Law Judge ("ALJ") committed reversible error. As there are outstanding issues to be resolved, the Court remands this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

| | |
|---|---|
| 1 | <u>FACTUAL AND PROCEDURAL HISTORY</u> |
| 2 | On July 10, 2014, Plaintiff filed an application for SSI, alleging disability as of October |
| 3 | 1, 2013. *See* Dkt. 8, Administrative Record ("AR") 153-54. The application was denied upon |
| 4 | initial administrative review and on reconsideration. *See* AR 65-103. After holding an |
| 5 | administrative hearing, ALJ Tom Morris found Plaintiff not disabled on December 30, 2016. AR |
| 6 | 12-29, 30-63. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's |
| 7 | decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481. |
| 8 | In the Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly |
| 9 | evaluate the opinion of Kristin Vitalich, ARNP, Ph.D.,[1] which supports Plaintiff meets Listing |
| 10 | 12.06 and (2) provide legally sufficient reasons for rejecting Plaintiff's subjective symptom |
| 11 | testimony. Dkt. 10 at 1. Plaintiff requests the Court remand this case for an award of benefits. |
| 12 | Dkt. 10 at 9-10. |
| 13 | <u>STANDARD OF REVIEW</u> |
| 14 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 15 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 16 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 17 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 18 | <u>DISCUSSION</u> |
| 19 | Plaintiff and Defendant agree the ALJ committed reversible error. Dkt. 10, 14. Plaintiff |
| 20 | argues the case should be remanded for payment of benefits, while Defendant asserts the case |
| 21 | should be remanded for further administrative proceedings. *See* Dkt. 10, 14, 15. |

---

[1] The ambiguity in the record regarding Kristin Vitalich's licensure as a psychologist is discussed below, *see infra*. Because it is not clear whether Kristin Vitalich is a licensed psychologist, the Court will refer to her as "Ms. Vitalich".

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

An ALJ's errors are relevant, however, only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

Plaintiff applied for disability on the basis of her obsessive-compulsive disorder ("OCD"). Dkt. 10 at 3. At Step Two, the ALJ found Plaintiff has the following severe impairments: affective disorder, anxiety disorder and vertigo. AR 17.

As to the first prong of the credit-as-true test, the parties agree the ALJ committed reversible error with respect to the ALJ's evaluation of Plaintiff's subjective symptom testimony. Dkt. 10, 14, 15; *Smolen*, 80 F.3d 1273 at 1292. The Court notes Defendant does not directly acknowledge whether the ALJ failed to provide legally sufficient reasons for rejecting Ms. Vitalich's opinion, but does state upon remand "the ALJ will also reevaluate the medical opinion evidence[.]" Dkt. 14 at 2. Defendant then argues Plaintiff has failed to show her case meets all three prongs of the credit-as-true analysis. Dkt. 14 at 2-12. Nevertheless, because Defendant concedes to remand and that the ALJ improperly considered Plaintiff's subjective symptom testimony, the Court will not address whether the ALJ erred with respect to the medical opinion evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017) (remand is proper where the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony *or* medical opinion evidence).

With respect to the second prong, there are outstanding issues which must be resolved before a disability determination can be made. Ms. Vitalich's opinion that Plaintiff has marked limitations in concentration and persistence, social interaction, and adaptation conflicts with the opinions from two state agency psychologists, James Bailey, Ph.D. and Diane Fligstein, Ph.D., who opined Plaintiff has only moderate limitations in social interaction, concentration and persistence, and adaptation. *See* AR 66-76 (the opinions of Drs. Bailey and Fligstein); 423-25 (Ms. Vitalich's opinion). The resolution of this conflict is firmly within the province of the ALJ. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) ("The ALJ is

responsible for resolving conflicts in medical testimony, and resolving ambiguity.") (citations omitted).

Moreover, the record is ambiguous as to whether Ms. Vitalich was providing treatment as a psychologist, a nurse practitioner, or both, and whether she is an acceptable medical source. In a footnote, Plaintiff disputes the ALJ's designation of Ms. Vitalich as an ARNP (nurse practitioner) instead of a Ph.D., ARNP, and argues Ms. Vitalich is both a nurse practitioner *and* psychologist. Dkt. 10 at 5 at fn. 4 (referring to Ms. Vitalich as "Dr. Vitalich" and citing AR 437-445, 452-69, 477). Plaintiff consistently refers to Ms. Vitalich as Plaintiff's "treating psychologist." *See* Dkt. 10, 15. Defendant argues Ms. Vitalich is not a licensed psychologist according to the Washington State Department of Health website, which indicates Ms. Vitalich is licensed only as a registered nurse and nurse practitioner. Dkt. 15 at 5 at fn. 4; *see also* https://fortress.wa.gov/doh/ providercredentialsearch (last accessed October 10, 2018). Based on the Court's review of the record, it appears Ms. Vitalich has a Ph.D. degree, but it is not clear whether Ms. Vitalich is a licensed psychologist. *See* AR 395-426, 437-446, 447-48. If Ms. Vitalich provided treatment as a nurse practitioner and not as a licensed psychologist, it is not clear whether she was working in conjunction with a physician, and whether she is an acceptable medical source. *See Gomez v. Chater,* 74 F.3d 967, 971 (9th Cir. 1996) (A nurse practitioner working in conjunction with a physician constitutes an acceptable medical source, while a nurse practitioner working on his or her own does not.). "[O]nly 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." *See* SSR 06-03p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted).

Plaintiff argues "[t]he credit-as-true test *does not require* a remand to resolve inconsistencies between opinions where the ALJ has failed to provide legally sufficient reasons

for rejecting an opinion and if credited as true the opinion would result in a finding of disability." Dkt. 15 at 4 (emphasis original). Plaintiff takes issue with Defendant's citation to *Dominguez v. Colvin,* 808 F.3d 403, 408 (9th Cir. 2015) for the proposition medical opinions present material issues requiring remand for further proceedings, arguing it is distinguishable from the instant case. *See* Dkt. 15 at 4, Dkt. 14 at 5-6. Plaintiff argues in *Dominguez,* the Ninth Circuit refused to remand for an award of benefits, finding multiple inconsistencies in the record, including multiple inconsistencies with the medical evidence and the plaintiff's testimony. Dkt. 15 at 4-5 (citing *Dominguez,* 808 F.3d at 408-09).

Plaintiff's argument is not persuasive. As discussed above, this case also presents more than a conflict between opinions, the evidence is also ambiguous as to whether Ms. Vitalich provided treatment as a nurse practitioner, licensed psychologist, or both, and whether she can be considered an acceptable medical source and/or a treating psychologist. While this list is not necessarily exhaustive, the inconsistencies and ambiguities identified above raise questions regarding the extent of Plaintiff's impairments, and thus, the record does not reflect "further administrative proceedings would serve no useful purpose[.]" *Morgan*, 169 F.3d at 603; *See Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (If the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings.); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (The ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities).

Accordingly, the Court finds it is not necessary to reach the third prong of the credit-as-true test. *See Treichler*, 775 F.3d at 1107 (because the court determined "further administrative proceedings [were] necessary," it did "not reach the third step of the rule, [crediting the improperly disregarded evidence as true, since that only] arises where the record is fully

developed and free from conflicts, making it clear that the ALJ would be required to find the claimant disabled if he credited the claimant's testimony as true."); *Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) ("A district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether any issues are outstanding, as 'this reverses the required order of analysis.' ") (quoting *Dominguez*, 808 F.3d at 409).

In sum, this case does not present rare circumstances in which an immediate award of benefits is appropriate. On remand, the ALJ is directed to re-evaluate all of the medical evidence including, but not limited to, whether Ms. Vitalich was providing treatment as a psychologist, a nurse practitioner, or both, and whether she is an acceptable medical source; the severity of Plaintiff's impairments to determine whether they meet or medically equal a Listing; Plaintiff's subjective symptom testimony; Plaintiff's residual functional capacity ("RFC"); and the findings at Step Five to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the new RFC.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Defendant's decision to deny benefits is reversed and this matter is remanded for further proceedings in accordance with the findings contained herein.

Dated this 22nd day of October, 2018.

David W. Christel
United States Magistrate Judge